WILLIAM B. MOAK

v.

STATE OF ILLINOIS.

*Opinion filed December 11, 1916.*

LICENSE FEES—*may not be refunded—when.* Where a fee is paid to the Secretary of State for a license to receive subscriptions to the capital stock of a corporation, and the corporation is not completed, no refund of the fee may be made.

William B. Moak, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimant in this case on behalf of Irvin A. Rice, et al., paid ninety-five ($95) dollars to the Secretary of State to secure a license to open books of subscription to the capital stock of D. S. Wilson & Company, a proposed corporation with a capital stock of fifty thousand ($50,000) dollars.

After the license was issued the parties decided not to proceed further with the corporation, and claimant made a demand for a refund of the license fee advanced by him, which was refused.

This claim is brought in this Court to secure a refund of the amount of the license fee so advanced.

Claimant seems to be under the impression that this case differs from those cases in which the corporation itself advances money for a license fee but fails to proceed with the business of the corporation. The Court is at a loss to see where there is any difference so far as the liability of the State is concerned.

Counsel for claimant argues at some length that an award should be made in this case on equitable grounds and cites the practice with reference to sheriffs and other fee officers in their respective counties. He is inclined to believe that the purpose of the Court of Claims is governed by set rules except those of its own making, and that its sole purpose is to adjust claims against the State.

In *O'Donnell* v. *State*, I Ct. of Cl. R., 255, which has been cited with approval in different cases the Court said: "We can allow claims against the State only in cases where by express statutory provisions the legislature has created a liability on the part of the State for the acts of its agents; or rather waives the exemption of the State from such liability."

In *Schmidt* v. *State*, 1 Ct. of Cl. R., 76-79, the Court said: "The law creating this commission does not undertake to create a new liability against the State, but provides a method by which claims against the State may be heard before this commission, and the claim rejected

or an award made in favor of the claimant. The statute creating this commission, after reciting the various classes of claims of which the commission might have jurisdiction, among which may be said to be included claim of this petitioner, provides: 'And such commission shall hear such claims according to its rules and established practice and determine the same according to the principles of equity and justice, except as otherwise provided in the laws of this State.' "

Continuing in the same case on page 80, it discusses the points raised by claimant in his argument in the case at bar: "The point has been pressed in argument by counsel for claimant that the legislature would have the right in a case of this kind, in its discretion, to allow a reasonable sum to persons injured, making an appropriation for its payment, although the claim was strictly speaking, neither a legal or equitable claim, and that the intent of the Act creating this commission was to transfer to the commission the same discretionary power that the legislature would have; or in other words, that the commission would be justified, although believing the claim was neither an equitable or legal claim against the State, in its discretion to make an award against the State and in favor of the claimant. To this proposition we cannot assent. It is our understanding that in the use of the language 'to determine the same according to the principles of equity and justice' is meant and used with a legal signification and that this commission has no power to make an award in any case unless the facts show a legal or equitable claim against the State. We do not believe it was the intention of the legislature to leave it discretionary with the commission to make an award in favor of the claimant regardless of the question as to whether or not he had a legal claim against the State."

It is required by the statute that "preliminary to the filing of any papers in the office of the Secretary of State in order to incorporate under the laws of this State, the proposed incorporators must pay to the Secretary of State the fee prescribed by the statute."

In the case of *Thomas A. Murphy et al.,* v. *State,* which opinion was filed at this term, the Court cited approval *McKinley et al,* v. *State,* 2 Ct. of Cl R. page 125, and *Wells-Liddell Co.,* v. *State* 2 Ct. of Cl. R. page 381, wherein we held as follows: "Where a fee has been paid to the Secretary of State in order to obtain a license to incorporate, such fee may not be recovered back even though no subscription to the capital stock is received by the commissioners' or no further action is taken to complete the incorporation."

As this claim is governed by the principles set forth in the cases herein above referred to, we are satisfied that the facts set forth in the record before us does not entitle claimant to an award.

It is therefore the judgment of this Court that the demurrer be sustained.